**JACKSON**

.v.

**POLICE COURT FOR SUB-JUDICIAL DISTRICT OF FREDERIKSTED, ST. CROIX, VIRGIN ISLANDS, et al.**

No. 2894

Circuit Court of Appeals

Third Circuit

February 21, 1923

*See, also, 286 Fed. 920*

NOLL & CURRY, St. Croix, Virgin Islands, and J. WASH-
INGTON LOGUE, Philadelphia, Pa., *for appellant*

GEORGE WASHINGTON WILLIAMS, St. Thomas, Virgin Is-
lands, *for appellee*

Before BUFFINGTON, WOOLLEY, and DAVIS, *Circuit Judges*

BUFFINGTON, *Circuit Judge*

In this case, D. H. Jackson, the appellant, presented a petition to the District Court of the Virgin Islands to grant a writ of review, to review certain proceedings against him, had before the police court, for the sub-judicial district of Frederiksted, St. Croix, Virgin Islands, wherein he had been adjudged guilty of contempt of court and sentenced accordingly. On April 15, 1922, the said District Court entered an order refusing to grant such writ, whereupon Jackson, the petitioner, took this appeal and the question involved is whether the court erred in so refusing.

The right and duty of the District Court to grant writs of review is statutory and is provided for by the Colonial Council Laws for the Municipality of St. Thomas and St. John of March 10, 1921, and approved March 17, 1921, as follows (1921 Code, Title III, ch. 52, §§ 1, 4 (5 V.I.C. §§ 1421 note, § 1422):

"Section 1. The writ formerly known as the writ of certiorari is known in this title as the writ of review."

"Sec. 4. The writ shall be allowed in all cases where there is no appeal or other plain, speedy and adequate remedy, and where the inferior court officer, or tribunal in the exercise of judicial functions appears to have exercised such functions erroneously, or to have exceeded it or his jurisdiction to the injury of some substantial right of the plaintiff."

■ Seeing, then, that the right and duty of the court below to issue a writ of review is limited to cases "where there is no appeal or other plain, speedy and adequate remedy," we find that by section (chapter) 55 the enactment (1921 Code, Title III), which defines contempts, provides for procedure in such cases, and by section 15 (14 V.I.C. § 581 note) enacts that:

"Either party to a judgment in a proceeding for contempt may appeal therefrom in like manner and with like effect as from a judgment in an action."

The provision as to appeals from a civil action ([Title III] chapter 87, section 1 [4 V.I.C. § 33]) is that:

"Either party may appeal from a judgment in a police court, in a civil action, when the sum in controversy is not less than ten dollars, . . . except when the sum is given by confession or for want of an answer as prescribed in this chapter and not otherwise."

From the above provisions, it is quite evident that when, in this case, the police magistrate imposed a money fine, which was not less than $10, the alleged aggrieved party had a right to appeal the case to the court below in the same way a party in a civil case could appeal. And such being his legal right, his legal remedy in due and orderly

course was by such appeal, and not by way of a writ of review, which latter writ, as we have seen, the court was not vested with authority to grant in case a right of appeal existed.

■ It is, however, sought to avoid the effect of these statutes by the contention that the appellant was denied an appeal to the District Court by the police magistrate. Assuming for present purposes — an assumption which, it will be seen later, we cannot make — that the appellant took due steps to appeal and the police judge refused to grant such appeal, nevertheless it was still open to the appellant to petition the District Court to grant a writ of mandamus on the police judge to grant the appeal, for (1921 Code, Title III) chapter 55 (53), section 2 (5 V.I.C. §§ 1361, 1361 note), provides that:

The writ of mandamus "may be issued to any inferior court . . . officer or person . . . to compel the performance of any act which the law specifically enjoins as a duty resulting from an office," subject, of course, to the further provision that "The writ shall not be issued in cases where there is a plain, speedy and adequate remedy in the ordinary course of the law."

■ In addition to this all-sufficient ground for the court below refusing to grant the writ of review, we further note that while the appellant now contends that he sought to take an appeal and the police judge refused to grant it, the entry upon the record of the proceedings before that officer and which the appellant has brought to this court, shows not only the absence of all papers praying for an appeal but that all that was done was a notice of intention to appeal which never seems to have been perfected, as provided by sections 3 and 4 of chapter 87 (1921 Code, Title III; 4 V.I.C. § 33 note; 5 V.I.C. § 1 note)■, the only record entry being: "At this time, defendant gave notice of an appeal which was denied."

Without, therefore, referring to other features of the case, but limiting ourselves to the grounds above discussed, we are of opinion the decree below was rightly entered, and we affirm the same, with costs.